UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
RASHEEN BRANTLEY,

                Plaintiff,

    -against-

THE CITY OF NEW YORK and POLICE OFFICER
BYRAN PITTS AND POLICE OFFICERS JOHN DOE #1-5,

                Defendants.
------------------------------------------------------------X

07 CV 10979

Index No.:

COMPLAINT AND JURY DEMAND

## INTRODUCTORY STATEMENT

1. The plaintiff, RASHEEN BRANTLEY, brings this action under Sec. 1983 and related state laws seeking compensatory and punitive damages and attorneys fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, CITY OF NEW YORK, POLICE OFFICER BYRAN PITTS AND POLICE OFFICERS JOHN DOE #1-5, being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on July 3, 2007, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on, August 7, 2007 and this case has not been settled or adjusted.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. Plaintiff RASHEEN BRANTLEY is a resident of the County of Bronx, City and State of New York.

9. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendants POLICE OFFICER BYRAN PITTS AND POLICE OFFICERS JOHN DOE #1-5, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about May 18, 2007, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New

York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. Plaintiff RASHEEN BRANTLEY was not guilty of any criminal acts.

13. On or about May 18, 2007 plaintiff RASHEEN BRANTLEY went to Police Service Area No. 5 located at 221 East 123rd St., New York, NY.

14. Plaintiff RASHEEN BRANTLEY attempted to clarify a mistake that appeared on a background check.

15. Upon arrival at Police Service Area No. 5, plaintiff RASHEEN BRANTLEY spoke with defendant POLICE OFFICER BYRAN PITTS and asked him to run his name in order to rectify the background check.

16. Thereafter, at approximately 11:00 am, defendant POLICE OFFICER BYRAN PITTS told plaintiff RASHEEN BRANTLEY there was a warrant for his arrest in Camden, New Jersey.

17. Thereafter, defendant POLICE OFFICER BYRAN PITTS arrested plaintiff RASHEEN BRANTLEY and placed him in handcuffs.

18. Plaintiff RASHEEN BRANTLEY was thereafter placed in a holding cell in Police Service Area No. 5 until approximately 8:00pm that evening.

19. Thereafter, plaintiff RASHEEN BRANTLEY was fingerprinted at Police Service Area No. 5.

20. Thereafter, defendants did not send the fingerprints to New Jersey in order to verify the identity of the person wanted under the warrant in Camden, New Jersey.

21. Plaintiff RASHEEN BRANTLEY was then taken to 100 Centre Street, New York, New York (hereinafter referred to as "100 Centre Street") in order to be processed.

22. Plaintiff RASHEEN BRANTLEY was kept in a holding cell at 100 Centre Street overnight.

23. On or about May 19, 2007 plaintiff RASHEEN BRANTLEY appeared before a Judge at 100 Centre Street for arraignment.

24. Thereafter plaintiff RASHEEN BRANTLEY signed a letter of extradition in order to be extradited to New Jersey.

25. Plaintiff RASHEEN BRANTLEY was given a court date for May 31, 2007.

26. Sometime thereafter plaintiff RASHEEN BRANTLEY was fingerprinted and strip-searched.

27. Plaintiff RASHEEN BRANTLEY was then taken to the Manhattan Detention Center and assigned to 5 South.

28. On or about May 31, 2007, plaintiff RASHEEN BRANTLEY appeared in Manhattan Criminal Court; however the hearing was adjourned until June 7, 2007.

29. On or about June 7, 2007, plaintiff appeared in Manhattan Criminal Court; however the hearing was adjourned until June 18, 2007.

30. On or about June 18, 2007, plaintiff RASHEEN BRANTLY appeared in Manhattan Criminal Court; however the hearing was adjourned to June 19, 2007.

31. On June 19, 2007 police officers from Camden, New Jersey arrived at the Manhattan Detention Center to take plaintiff RASHEEN BRANTLEY to New Jersey.

32. Plaintiff was fingerprinted by the Camden, New Jersey Police Department and released at approximately 8:00pm.

33. Solely as the result of the foregoing, plaintiff RASHEEN BRANTLY has sustained substantial financial loss and serious emotional injuries.

### AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

34. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

35. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

36. As a result of the aforesaid violation of plaintiff's rights, sustained injuries and damages previously described in this complaint.

37. As a result of the foregoing, plaintiff seeks compensatory damages in the amount of that exceeds that minimal jurisdiction of this Court from all defendants.

### AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

38. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

39. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

40. As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

41. As a result of the foregoing, plaintiff seeks compensatory damages in the amount of that exceeds that minimal jurisdiction of this Court from all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION –
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

42. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

44. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

45. As a result of the foregoing, plaintiff seeks compensatory damages in the amount of that exceeds that minimal jurisdiction of this Court from all defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

48. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

49. As a result of the foregoing, plaintiff seeks compensatory damages in the amount of that exceeds that minimal jurisdiction of this Court from all defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION –
## FALSE ARREST AND FALSE IMPRISONMENT

50. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51. At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

52. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

53. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

54. As a result of the foregoing, plaintiff seeks compensatory damages in the amount of that exceeds that minimal jurisdiction of this Court from all defendants.

WHEREFORE, plaintiff demands damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants in each of the first through fifth causes of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
       December 3, 2007

*[signature]*

Michael B. Ronemus (4999)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070