

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JESSICA T. COHEN<br>*Assistant Corporation Counsel*<br>jecohen@law.nyc.gov<br>(212) 788-1895<br>(212) 788-9776 (fax) |

December 26, 2007

**MEMO ENDORSED**

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not file such certification to Chambers.

**BY HAND DELIVERY**
The Honorable Laura T. Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Rasheen Brantley v. City of New York, et al.,
     07 CV 10979 (LTS)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above referenced matter. I write to respectfully request an enlargement of time from the present date until February 26, 2008, to answer or otherwise respond to plaintiff's complaint on behalf of defendant City of New York.[1] This is defendant's first request for an enlargement of time to respond to plaintiff's complaint. Plaintiff's counsel, Michael Ronemus, Esq., consents to this request.

   In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff appears to be alleging that, on or about May 18, 2007, he went to Police Service Area No. 5 "to clarify a mistake that appeared on a background check." Plaintiff further alleges that he was told by Police Officer Bryan Pitts that there was an outstanding warrant for his arrest in New Jersey. Plaintiff maintains that he was subsequently arrested on this outstanding warrant. According to plaintiff's complaint, he maintains that he appeared before a Judge on or about May 19, 2007, at which time he signed a letter of extradition to New Jersey, and was given a court date of May 31, 2007. Plaintiff further alleges that he was release by the New Jersey Police Department on or about June 19, 2007, although there is no indication in the complaint regarding the outcome of the underlying criminal charges. As a result, plaintiff alleges to have sustained "substantial financial loss and serious emotional injuries." Accordingly, it is necessary for defendant to acquire as much information as possible concerning this matter in order to properly assess the

---

[1] Upon information and belief, Police Officer Bryan Pitts has not yet been served with process in this action.

Copies ~~mailed/~~faxed to  Dft's Counsel
Chambers of Judge Swain  1-3-08

case and respond to the complaint. To that end, this office is in the process of forwarding to plaintiff for execution a N.Y.C.P.L. §160.50 release so that we can access the sealed records from plaintiff's underlying criminal prosecution, including the criminal court file, the District Attorney's file, and even our own police records. In addition, to the extent plaintiff is claiming any injuries resulting from the alleged incident, this office is also in the process of forwarding a HIPAA compliant medical release to plaintiff for his execution so that we may access his relevant medical records.

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended to February 26, 2008. Thank you for your consideration of this request.

Respectfully submitted,

Jessica T. Cohen (JC 0044)
Assistant Corporation Counsel

cc: Michael Ronemus, Esq. (by first-class mail)
Attorney for Plaintiff
112 Madison Avenue, 2nd Floor
New York, New York 10016

The request is granted.

SO ORDERED.

1/2/2008

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

- 2 -