UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RASHEEN BRANTLEY,

                         Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
BRYAN PITTS, AND POLICE OFFICERS JOHN DOE
#1-5,

                        Defendants.

------------------------------------------------------------------- x

**PRELIMINARY PRE-TRIAL STATEMENT**

**07 CV 10979 (LTS)**

As required by the Individual Rules of the Honorable Laura Taylor Swain, United States District Judge, Southern District of New York and the Order of December 11, 2007, plaintiff Rasheen Brantley and defendant City of New York hereby jointly submit their proposed Preliminary Pre-Trial Statement, as follows.

a.    **A concise statement of the nature of this action.**

        <u>Plaintiffs Statement</u>: Plaintiff was wrongfully arrested and held in jail from May 18, 2007 until June 19, 2007, when officers from the City of New York mistakenly believed that he was wanted on an outstanding warrant in New Jersey. The City and its employees failed to determine that plaintiff was not the person who was wanted in New Jersey.

        <u>Defendant City of New York's Statement</u>[1]: On May 18, 2007, plaintiff walked into Police Service Area No. 5, requesting a warrant check. The check revealed that plaintiff had an active warrant from New Jersey Superior Court. Accordingly, plaintiff was arrested and ultimately extradited to New Jersey on or about June 19, 2007.

b.    **A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

        <u>Plaintiff's Statement</u>: Plaintiff does not contest the Court's jurisdiction.

---

[1] Upon information and belief, "Police Officer Bryan Pitts" has not yet been served with process in this action and is therefore, not a party to this action.

Defendant's Statement: Defendant does not contest the Court's jurisdiction.

c. **A concise statement of all material uncontested or admitted facts.**

Plaintiff was arrested on May 18, 2007, in the vicinity of Police Service Area No. 5, New York, State of New York, as a result of an active warrant from the State of New Jersey.

d. **A concise statement of all uncontested legal issues.**

None at this time.

e. **A concise statement of all legal issues to be decided by the Court.**

The following are legal issues that may be presented to the Court for decision by motion in the course of this litigation. Other legal issues may arise in the course of discovery or may be presented by requests for jury instructions.

Plaintiff's anticipated legal issues:

> Whether the defendants were negligent in failing to investigate the New Jersey warrant and failing to determine that the wanted person was not the plaintiff.

> Whether the plaintiff's civil rights were violated.

Defendant's anticipated legal issues:

Defendant submits the following legal issues will likely be addressed during the course of this litigation.

- Whether plaintiff has adequately stated a claim upon which relief can be granted.

- Whether plaintiff can establish any policy or practice that caused the alleged constitutional deprivation.

- Whether the City of New York is entitled to governmental immunity from liability.

- Whether any conduct by defendants City and Bryan Pitts was the proximate cause of any injury to plaintiff under federal law.

- Whether the injury sustained by plaintiff was the proximate result of conduct on the part of defendant City of New York or resulted in whole or in part from the culpable, negligent and/or intervening conduct of others or persons for whose conduct defendant City of New York is not responsible.

- Whether plaintiff's state law claims are barred for failure to properly comply with the conditions precedent to suit.

- Whether plaintiff's claims are barred in whole or in part by the applicable statute of limitation.

- Whether plaintiff provoked the incident.

- Whether plaintiff's claims are barred in part by the doctrines of res judicata and/or collateral estoppel.

- Whether defendant Bryan Pitts violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore is entitled to qualified immunity.

- Whether there was probable cause for plaintiff's arrest, detention, and prosecution.

f. **Each party's concise statement of material disputed facts.**

Plaintiff's and Defendants' Statement: At this point in time, other than the agreed upon undisputed facts set forth above, all other material facts are disputed.

g. **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

Plaintiff's Statement: Plaintiff claims defendants violated his civil rights guaranteed by the US Constitution of freedom from false arrest and from malicious prosecution.

h. **Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules and other applicable regulatory and judicial authority intended to be relied on by such party.**

**Defendants' Legal Defenses:**

- Whether plaintiff has adequately stated a claim upon which relief can be granted.
    - Federal Rules of Civil Procedure, Rule 12.

- Whether plaintiff can establish any policy or practice that caused the alleged constitutional deprivation.
    - Monell v. Department of Social Services, 438 U.S. 658 (1978).

3

- Whether the City of New York is entitled to governmental immunity.
    - Mon v. The City of New York, 78 N.Y.2d 309 (1991).
    - Haddock v. The City of New York, 75 N.Y.2d 478 (1990).

- Whether any conduct by defendant City was the proximate cause of any injury to plaintiff under federal law.
    - Warren v. Orange County Department of Probation, 115 F3d 1068 (2d Cir. 1995).

- Whether the injury sustained was the proximate result of conduct on the part of defendant City of New York or resulted in whole or in part from the culpable, negligent and/or intervening conduct of others or persons for whose conduct defendant City of New York is not responsible.
    - Warren v. Orange County Department of Probation, 115 F3d 1068 (2d Cir. 1995).

- Whether plaintiff's state law claims are barred for failure to properly comply with the applicable conditions precedent to suit.
    - General Municipal Law §50

- Whether plaintiff provoked the incident.

- Whether plaintiff's claims are barred in part by the doctrines of res judicata and/or collateral estoppel.

    - Allen et al. v. McCurry, 449 U.S. 90 (1980).

- Whether defendant violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore is entitled to qualified immunity.
    - Saucier v. Katz, 533 U.S. 194 (2001).

- Whether there was probable cause for plaintiff's arrest, detention, and prosecution.
    - Bernard v. U.S., 25 F3d 98 (2d, Cir. 1994).
    - Singer v. Fulton County Sheriff et al., 63 F3d 110 (2d Cir. 1995).

- Whether plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.
    - Owens v. Okure, 488 U.S. 235, 250, 109 S. Ct. 573, 581-82 (1989).

i. **A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

4

Plaintiff's and Defendants' Statement:

As to the claims asserted in the complaint, plaintiff has the burden of proof by a preponderance of the evidence. In order to recover damages for any injury, plaintiff must show by a preponderance of the evidence that plaintiff's alleged injuries were caused by the conduct of the defendant.

j. **Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

Plaintiff's Statement: Plaintiff may need to amend the pleadings to add any other police officers or public officials who were involved in the plaintiff's arrest and the failure to investigate his identity and confirm that he was not the person wanted in New Jersey.

Defendants' Statement: No planned amendments to pleading is expected.

Deadline for Amendments/ addition or substitution of parties:

k. **A statement as to whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

All parties, respectfully, do not consent to a trial of this matter by a Magistrate Judge.

l. **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties have not yet made their initial disclosures and anticipate doing so within 30 days.

m. **The subject on which disclosure may be needed and whether discovery should be conducted in phases or be limited to or focus upon particular issues, including a concise description of each party's plan for discovery and a proposed discovery cut-off date.**

Plaintiff's Statement: Plaintiff needs discovery with respect to the steps that were taken and by whom to determine whether plaintiff was in fact the person for whom a warrant was outstanding in New Jersey and what the policy and procedures are for determining the identity of a person for whom a warrant in another state turns up on a warrant check.

Defendants' Statement: Defendant submits that in light of the strong interest in settling this action, limited document discovery regarding plaintiff's damages at the outset is necessary to assist it in evaluating this case for settlement. Thereafter, defendant submits that a settlement conference would be beneficial prior to any further document or deposition discovery. In addition, should the parties be unable to resolve this case via settlement, defendant submits that document discovery should be completed prior to any depositions.

      Proposed discovery completion dates: Defendant proposes a nine month fact discovery deadline allowing three months to explore potential settlement, three months to exchange document discovery, and three months to conduct depositions of fact witnesses. Plaintiff agrees to defendant's discovery schedule.

n. **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

      Plaintiff will possibly retain an expert in identity procedures to testify about the procedures that should be taken to confirm that a prisoner is the person wanted on an out of state warrant and whether the defendants took appropriate steps in this case.

      Defendants do not expect to call experts but reserves the right to do so if plaintiff designates an expert.

      Deadline for expert discovery: Plaintiff requests two months following fact discovery to complete expert discovery, including deposition of experts.

o. **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

      None at this time.

p. **The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Pre-Conference Statement shall not disclose to the Court specific settlement offers or demands.**

      Plaintiff has not yet presented a demand.

      Defendant intends to assess plaintiff's demand and, subject to the receipt of all relevant documents, will respond expeditiously to plaintiff with a counter offer.

q. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

      Each party has demanded a jury trial. The parties anticipate that a trial of this action would take approximately one week.

r.  Any other information you believe may assist the Court in advancing your case to settlement or trial.

Plaintiff: n/a

Defendants: n/a

Dated: New York, New York
February 25, 2008

| | |
|---|---|
| Michael Ronemus<br>Ronemus & Vilensky<br>112 Madison Ave., 2nd Floor<br>New York, New York 10016<br>(212) 779-7070 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendant City of New York<br>100 Church Street, 3-208<br>New York, NY  10007<br>(212) 788-1895 |
| By: _____/s/_____<br>    Michael Ronemus, Esq. (4999)<br>    Attorney for Plaintiff | By: _____/s/_____<br>    Jessica T. Cohen (JC 0044)<br>    Assistant Corporation Counsel<br>    Special Federal Litigation Division |