UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RASHEEN BRANTLEY,

                              Plaintiff,

                 -against-

THE CITY OF NEW YORK and POLICE OFFICER
BRYAN PITTS AND POLICE OFFICERS JOHN DOE
#1-5,

                              Defendants.

------------------------------------------------------------------- x

**ANSWER**

07 CV 10979 (LTS)

JURY TRIAL DEMANDED

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke supplemental jurisdiction as stated therein.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admits that a document

---

[1] Upon information and belief, Police Officer Bryan Pitts has not yet been served with process in this action.

purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 3, 2007.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that this claim has not yet been settled or adjusted.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff filed the complaint in the instant matter on or about December 4, 2007.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and that it maintains a police department.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff purports to proceed as stated therein.

11. Paragraph "11" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, requires no response.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Admits the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff was arrested on May 18, 2007.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admits that plaintiff was transported to 100 Centre Street.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except admits that plaintiff was extradited to New Jersey on June 19, 2007.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to paragraph "34" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "33" as though fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to paragraph "38" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "37" as though fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint, except admits that plaintiff purports to proceed as stated therein.

42. In response to paragraph "42" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "41" as though fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that plaintiff purports to proceed as stated therein.

46. In response to paragraph "46" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "45" as though fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint, except admits that plaintiff purports to proceed as stated therein.

50. In response to paragraph "50" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "49" as though fully set forth herein.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint, except admits that plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendant City of New York .

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59. Plaintiff's claims may be barred in part by the applicable doctrines of *res*

- 7 -

*judicata* and/or *collateral estoppel*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

62. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

64. Plaintiff may have failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 26, 2008

                           MICHAEL A. CARDOZO
                           Corporation Counsel of the
                             City of New York
                           Attorney for Defendant City of New York
                           100 Church Street, Room 3-208
                           New York, New York 10007
                           (212) 788-1895

                      By:     _____
                               Jessica T. Cohen (JC 0044)
                               Assistant Corporation Counsel

To:   Michael Ronemus, Esq. (by ECF)
      Attorney for Plaintiff

Docket No. 07 CV 10979 (LTS)

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
|---|
| RASHEEN BRANTLEY, <br><br>                                        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK and POLICE OFFICER BRYAN PITTS AND POLICE OFFICERS JOHN DOE #1-5,<br><br>                                       Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO*** <br> *Corporation Counsel of the City of New York* <br> *Attorney for Defendant* <br> *100 Church Street* <br> *New York, N.Y. 10007* <br><br> *Of Counsel: Jessica T. Cohen* <br> *Tel: (212) 788-1895* <br> *NYCLIS No.* |
| *Due and timely service is hereby Admitted.* <br><br> *New York, N.Y. ........................................,2008* <br><br> *................................................................ Esq.* <br><br> *Attorney for ......................................................* |

- 9 -