UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RASHEEN BRANTLEY,

                                 Plaintiff,

          -against-

THE CITY OF NEW YORK and POLICE OFFICER
BRYAN PITTS AND POLICE OFFICERS JOHN DOE
#1-5,

                                 Defendants.

------------------------------------------------------------------- x

**ANSWER**

07 CV 10979 (LTS)

**JURY TRIAL DEMANDED**

        Defendant Bryan Pitts, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke supplemental jurisdiction as stated therein.

        5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admits that a document

---

[1] Defendant City of New York served and filed its answer to plaintiff's complaint on February 26, 2008.

purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 3, 2007.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that this claim has not yet been settled or adjusted.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff filed the complaint in the instant matter on or about December 4, 2007.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and that it maintains a police department.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that Bryan Pitts is employed by the City of New York as a police officer, and that plaintiff purports to proceed as stated therein.

11. Paragraph "11" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, requires no response.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Admits the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admits that Officer Pitts spoke with plaintiff on or about May 18, 2007.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that there was an outstanding warrant for plaintiff's arrest in Camden, New Jersey.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff was arrested on May 18, 2007.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admits that plaintiff was transported to 100 Centre Street.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff appeared before a Judge on May 19, 2007.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admits that plaintiff signed a waiver of extradition.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to paragraph "34" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "33" as though fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to paragraph "38" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "37" as though fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint, except admits that plaintiff purports to proceed as stated therein.

42. In response to paragraph "42" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "41" as though fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that plaintiff purports to proceed as stated therein.

46. In response to paragraph "46" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "45" as though fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint, except admits that plaintiff purports to proceed as stated therein.

50. In response to paragraph "50" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "49" as though fully set forth herein.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint, except admits that plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendant Pitts.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59. Plaintiff's claims may be barred in part by the applicable doctrines of *res*

*judicata* and/or *collateral estoppel*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

60. Defendant Pitts has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

62. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

64. Plaintiff may have failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendant Bryan Pitts requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
             June 16, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 3-208
                        New York, New York 10007
                        (212) 788-1895

                        By: _____
                              Jessica T. Cohen (JC 0044)
                              Assistant Corporation Counsel

To:    Michael Ronemus, Esq. (by ECF)
        Attorney for Plaintiff

Docket No. 07 CV 10979 (LTS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| RASHEEN BRANTLEY,<br><br>            Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK and POLICE OFFICER BRYAN PITTS AND POLICE OFFICERS JOHN DOE #1-5,<br><br>            Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Jessica T. Cohen*<br>*Tel: (212) 788-1895*<br>*NYCLIS No.* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y. ........................................... ,2008*<br><br>*................................................................... Esq.*<br><br>*Attorney for .........................................................* |